OJS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
General Reinsurance Corporation

## DEFENDANTS
MS Casualty Insurance Corp., American Reliable Insurance Corporation and Legion Insurance Co., in Liquidation

**(b)** County of Residence of First Listed Plaintiff **Stamford, Connecticut**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Jackson, Mississippi**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Ronald P. Schiller, Esq./Daniel Layden, Esq./Michael Carlson, Esq.
DLA Piper Rudnick Gray Cary US LLP
1650 Market Street
Suite 4900
Philadelphia, PA 19103

Attorneys (If Known)
(Counsel for MS Casualty and American Reliable)
Walter Wilson, Esquire
Wells Marble & Hurst, PLLC
P.O. Box 131
Jackson, Mississippe 39205-0131

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [x] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [x] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1335 or 28 U.S.C. § 1332 and Rule 22

Brief description of cause:
Interpleader and/or Delaratory Relief

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
5/12/05

SIGNATURE OF ATTORNEY OF RECORD
RPS 4415

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

American LegalNet, Inc. | www.USCourtForms.com

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____General Reinsurance, Stamford, Connecticut_____

Address of Defendant: _MS Casualty, Jackson, Mississippi ; American Reliable Ins. Corp., Scottsdale, Arizona; Legion Ins. Co., Phila., PA_

Place of Accident, Incident or Transaction: _____Philadelphia_____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?   Yes ☐  No ☒

### RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____
Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases (Please specify)
11. ☒ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases

### ARBITRATION CERTIFICATION
*(Check appropriate Category)*
I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.
DATE: 5-12-05    Ronald Schiller    41357
                 Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.
DATE: 5-12-05    _____    41357

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| General Reinsurance Corporation | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MS Casualty Insurance Corporation, | : | NO. |
| American Reliable Insurance | : | |
| Corporation and Legion Insurance | : | |
| Company, in Liquidation | | |

Plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants (See § 1:03 of the plan set forth on the reverse side of this form). In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which the defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying the plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2   ( )

(d) Asbestos – Cases required to be designated for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court (See reverse side of this form for a detailed explanation of special management cases).   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| May 12, 2005 | Ronald P. Schiller | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 656-3330 | (215) 656-3301 | ronald.schiller@dlapiper.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 7/95

LS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENERAL REINSURANCE CORPORATION, | : | CIVIL ACTION NO: |
| Plaintiff, | : | 05cv 2253 |
| v. | : | |
| MS CASUALTY INSURANCE CORPORATION, AMERICAN RELIABLE INSURANCE CORPORATION AND LEGION INSURANCE COMPANY, IN LIQUIDATION. | : | |
| Defendants. | : | |

## COMPLAINT FOR INTERPLEADER
## AND DECLARATORY RELIEF

Plaintiff, General Reinsurance Corporation ("GenRe"), by and through its counsel, brings this action for interpleader and declaratory relief. GenRe is in possession of reinsurance proceeds, which it is willing and ready to pay to the appropriate entity or entities under relevant reinsurance agreements. The defendants herein, MS Casualty Insurance Company ("MS Casualty"), American Reliable Insurance Company ("ARIC") and Legion Insurance Corporation ("Legion"), have asserted, or may assert competing claims to these funds. Therefore, the purpose of this interpleader and/or declaratory relief action, as more fully pled below, is to resolve the competing claims to these funds and relieve GenRe of any liability.

## INTRODUCTION

1. Under an Assumption Reinsurance Agreement, Legion assumed liability for certain workers' compensation and employers' liability policies issued by MS Casualty and ARIC. GenRe, in turn, assumed liability for certain losses sustained by Legion under workers' compensation and employers' liability business written by MS Casualty and assumed by Legion under the Assumption Reinsurance Agreement. When defendant Legion entered liquidation in 2003, GenRe planned to remit reinsurance proceeds to the Liquidator as they came due, pursuant to insolvency provisions in the relevant reinsurance agreements. But MS Casualty and ARIC assert that they are entitled to such funds because, as a result of Legion's insolvency, they have paid claims and expenses that should have been paid by Legion. GenRe seeks an Order requiring the defendants to interplead and settle between themselves their rights to the reinsurance proceeds. Alternatively, GenRe seeks a declaration that, upon payment to the Liquidator, it is discharged from any and all claims to the reinsurance proceeds and has no further liability thereunder.

## THE PARTIES

2. Plaintiff, GenRe, is a Delaware corporation with its principal place of business in Stamford, Connecticut.

3. Defendant, MS Casualty, is a Mississippi corporation with its principal place of business in Jackson, Mississippi.

4. Defendant, ARIC, is an Arizona corporation with its principal place of business in Scottsdale, Arizona.

5. Defendant Legion is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania. Pursuant to an Order of Liquidation issued by the Commonwealth Court of Pennsylvania on or about July 25, 2003, Legion was declared insolvent and placed into liquidation, with Insurance Commissioner M. Diane Koken appointed as Liquidator.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335 because: two or more of the defendants, who claim or may claim to be entitled to the funds in question are of diverse citizenship as defined in 28 U.S.C. § 1332; the amount in controversy exceeds the sum of five hundred dollars ($500.00), exclusive of interest and costs; and, GenRe stands ready and willing to deposit such money or property into an escrow account or the registry of the Court, there to abide the judgment of the court, or has given bond payable to the clerk of the Court in such amount and with such surety as the Court may deem proper, conditioned upon the compliance by GenRe with the future order or judgment of the Court with respect to the subject matter of the controversy.

7. Also, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as it is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 and 28 U.S.C. § 1397 because one or more of the defendants resides in this judicial district and a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

9. On September 29, 2000, MS Casualty entered into an Assumption Reinsurance Agreement with Legion. Under this agreement, Legion assumed, as of July 1, 2000, responsibility for the liabilities of certain MS Casualty Workers' Compensation and Employers' Liability insurance polices issued with effective dates beginning January 1, 1993 through December 31, 2000. A copy of the MS Casualty Assumption Reinsurance Agreement is attached hereto as Exhibit "A."

10. On September 29, 2000, ARIC also entered into an Assumption Reinsurance Agreement with Legion. Under this agreement, Legion assumed, as of July 1, 2000, responsibility for the liabilities of all ARIC Worker's Compensation and Employers' Liability insurance policies issued with effective dates beginning October 1, 1999 through December 31, 2000. A copy of the ARIC Assumption Reinsurance Agreement is attached hereto as Exhibit "B." Collectively, both the MS Casualty and ARIC Assumption Reinsurance Agreements are referred to as the "Assumption Agreement."

11. On April 27, 1993, MS Casualty and GenRe entered into Agreement of Reinsurance No. 7747 ("Reinsurance Agreement No. 7747"). Under this agreement, effective January 1, 1993, GenRe agreed to pay the amount of the net loss for each occurrence in excess of MS Casualty's retention. The agreement was terminated, effective January 1, 1996, but GenRe maintained certain continuing run-off liabilities to MS Casualty. A copy of the Agreement of Reinsurance No. 7747 is attached hereto as Exhibit "C."

12. MS Casualty, Legion and GenRe subsequently entered into Assignment and Consent to Assignment Agreement of Reinsurance No. 7747 (the "Assignment Agreement"). Under this agreement, effective as of the Assumption Agreement effective date, MS Casualty

4

assigned to Legion all of its continuing rights and interests in and to Reinsurance Agreement No. 7747 and GenRe consented to the assignment. A copy of the Assignment and Consent to Assignment Agreement of Reinsurance No. 7747 is attached hereto as Exhibit "D."

13. Legion and GenRe entered into Workers' Compensation Run-off Agreement for Reinsurance No. 8824 (the "Run-off Agreement"). Under this agreement, effective July 1, 2000, Legion ceded to GenRe workers' compensation liability business written by MS Casualty, and assumed by MS Casualty from ARIC, on polices issued on or before December 31, 2000. A copy of the Workers' Compensation Run-off Agreement for Reinsurance No. 8824 is attached hereto as Exhibit "E."

14. Legion and GenRe entered into Workers' Compensation Portfolio Agreement on Reinsurance No. 8823 (the "Loss Portfolio Agreement"). Under this agreement, effective July 1, 2000, Legion ceded to GenRe the workers' compensation and employers' liability business written by MS Casualty and assumed by MS Casualty from ARIC, regarding claims and losses resulting from occurrences taking place between January 1, 1993 and June 30, 2000. A copy of the Workers' Compensation Portfolio Agreement on Reinsurance No. 8823 is attached hereto as Exhibit "F."

15. On July 25, 2003, the Commonwealth Court of Pennsylvania declared that Legion was insolvent and ordered it to be liquidated pursuant to Article V of the Pennsylvania Insurance Department Act of 1921, 40 P.S. §§ 221.1 – 221.63. A copy of the Liquidation Order is attached hereto as Exhibit "G."

16. Because Legion is in liquidation, GenRe planned to remit $2,488,336.19 in reinsurance payments to the Liquidator pursuant to the insolvency provision of the Reinsurance Agreement and similar related provisions in the Run-Off and Loss Portfolio Agreements. The

amount represents the current balance under the Loss Portfolio Agreement and the Run-off Agreement for all of 2004 and the third and fourth quarters of 2003.

17. MS Casualty and ARIC assert, however, that these funds are payable to them because, under the Mississippi Insurance Guaranty Association (MIGA) laws, they had agreed to make direct payments to workers' compensation claimants under the policies assumed by Legion until a court of competent jurisdiction determined whether MIGA or MS Casualty and ARIC were liable in Legion's stead. According to MS Casualty and ARIC, they paid more than $3,000,000.00 in claims and expenses that should have been paid by Legion.

18. In a March 15, 2005 letter to GenRe, MS Casualty and ARIC claimed, per counsel, that the funds in question did not belong to the Liquidator and were not properly payable to the Liquidator under the relevant reinsurance agreements. Further, MS Casualty and ARIC warned that, should GenRe pay those funds to the Liquidator, GenRe faced the substantial risk of multiple liability. A copy of the March 15, 2005 letter is attached hereto as Exhibit "H."

## COUNT I: INTERPLEADER

19. GenRe incorporates by reference all of the preceding paragraphs of this complaint as though fully set forth herein.

20. GenRe has acted in good faith in filing this interpleader action and there is no collusion between GenRe and any of the defendants regarding these claims.

21. GenRe claims no title or interest in the funds in question and stands ready and willing to pay the monies to the entity or entities entitled thereto, but GenRe is unable to do so without hazard to itself.

22. GenRe may be exposed to multiple liability due to the existence of the above disputes and has no means of making a definite, legal and binding determination of the identity of the entity or entities entitled to the funds other than by filing this complaint.

23. Consequently, GenRe hereby offers to deposit the contested funds into an appropriate escrow account, or the registry of the Court, or to give bond payable to the Clerk of the Court in such amount and with such surety as the Court may deem proper, conditioned upon GenRe's compliance with the future order or judgment of the Court with respect to the subject matter of this complaint.

WHEREFORE, GenRe respectfully requests this Court to issue an order:

(1) allowing GenRe to deposit of the $2,488,336.19 in reinsurance proceeds into an appropriate escrow account or the registry of the Court, or to give bond payable to the Clerk of the Court in such amount and with such surety as the Court may deem proper; (2) directing the defendants to interplead their claims with respect to the reinsurance proceeds; (3) directing and declaring to whom the funds should be paid; (4) decreeing that GenRe is discharged from any and all claims to the $2,488,336.19 in reinsurance proceeds, which represents the current balance under the Loss Portfolio Agreement and the Run-off Agreement for all of 2004 and the third and fourth quarters of 2003; (5) awarding GenRe its attorneys' fees and costs incurred in filing this suit; (6) restraining defendants from instituting or prosecuting any proceeding in any state or United States Court against GenRe, affecting payments hereunder, without limitation, until further order of this court; and (7) granting such other relief as this Court deems appropriate.

## COUNT II: DECLARATORY JUDGMENT

24. GenRe incorporates by reference all of the preceding paragraphs of this complaint as though fully set forth herein.

25. In the alternative, by reason of the aforesaid, GenRe is entitled to a judicial determination that the relevant reinsurance agreements do not entitle MS Casualty and ARIC to the reinsurance proceeds in question and that upon payment to the Liquidator, GenRe is discharged from any and all claims to the $2,488,336.19 in reinsurance proceeds, which represents the current balance under the Loss Portfolio Agreement and the Run-off Agreement for all of 2004 and the third and fourth quarters of 2003.

26. An actual controversy exists between and among GenRe, MS Casualty, ARIC, and Legion in Liquidation. Therefore, this Court has the power to declare the rights and obligations of the parties pursuant to 28 U.S.C. § 2201.

WHEREFORE, in the alternative, GenRe respectfully requests this Court to issue an order:

(1) declaring that, upon payment to the Liquidator, GenRe is discharged from any and all claims to the $2,488,336.19 in reinsurance proceeds, which represents the current balance under the Loss Portfolio Agreement and the Run-off Agreement for all of 2004 and the third and fourth quarters of 2003; (2) awarding GenRe its attorneys' fees and costs incurred in filing this suit; and (3) restraining defendants from instituting or prosecuting any proceeding in any state or United States Court against GenRe, affecting payments hereunder, without limitation, until further order

of this court.

Respectfully Submitted,

*[signature]*

Ronald P. Schiller / RPS4415
Daniel J. Layden
Michael R. Carlson
DLA Piper Rudnick Gray Cary US LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103-7300
Telephone: 215.656.3300
Fax:             215.656.3301

*Attorneys for Plaintiff General Reinsurance Corporation*

Dated: May 12, 2005